82 A.3d 237

IN THE MATTER OF NEIL L. GROSS, AN ATTORNEY
AT LAW (ATTORNEY NO. 050861993).

January 7, 2014.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 12–375, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent) that **NEIL L. GROSS,** formerly of **FLANDERS,** who was admitted to the bar of this State in 1994, and who has been temporarily suspended from the practice of law since October 23, 2012, should be suspended from the practice of law for a period of six months for violating *RPC* 1.15(b) (failure to promptly deliver funds to a client or third person), *RPC* 3.3(a) (knowingly making a false statement of material fact to a tribunal), *RPC* 5.5(a) (practicing law while ineligible), *RPC* 8.1(a) (knowingly making a false statement of material fact to a disciplinary authority), *RPC* 8.1(b) (failure to reply to a lawful demand for information from a disciplinary authority), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Disciplinary Review Board having further concluded that respondent not be permitted to apply for reinstatement to practice until he has fully cooperated with the Office of Attorney Ethics;

And respondent having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And good cause appearing;

It is ORDERED that **NEIL L. GROSS** is suspended from the practice of law for a period of six months, effective immediately, and until the further Order of the Court; and it is further

ORDERED that respondent shall not apply for reinstatement to practice until he has fully cooperated with the Office of Attorney Ethics in all disciplinary matters; and it is further

ORDERED that prior to reinstatement, respondent shall demonstrate his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.